# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAMES E. HOLT,

    Plaintiff,

v.

    Civil Action 2:12-cv-992
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

DARRYL O. PARKER, *et al.*,

    Defendants.

## ORDER & REPORT AND RECOMMENDATION

Plaintiff, James E. Holt, who is proceeding without the assistance of counsel, brings this action against Darryl Parker, his former counsel who represented him in an a discrimination action, *Holt v. State of Ohio*, No. 2:05-cv-894 (S.D. Ohio) (the "894 Case"). He asserts a number of state-law claims, including malpractice, fraud, and promissory estoppel claims. He also names the attorneys for the defendants in the 894 Case, Julie Pfeiffer, Drew Piersall, Susan Sullivan, Stephanie Pestello-Sharf, and Paula Luna Paolette (the "Opposing Counsel Defendants"), alleging that these attorneys were complicit in the torts he alleges Parker committed. Plaintiff further alleges that Defendants violated his due process rights. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid. This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or

any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS WITH PREJUDICE** Plaintiff's purported federal cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **DECLINE** to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, **DISMISSING** these claims **WITHOUT PREJUDICE**.

**I.**

Plaintiff filed the 894 Case in September 2005, asserting age discrimination claims arising from his discharge from the Ohio Department of Youth Services.[1] In January 2008, the Court granted the defendants' motion for summary judgment, prompting the Clerk to enter judgment in favor of the defendants. Plaintiff's attorney, Parker, withdrew as counsel and Plaintiff filed his appeal *pro se*. The Court of Appeals for the Sixth Circuit upheld the Court's entry of summary judgment.

In his Complaint, Plaintiff notes that this action is a "refile" of a nearly identical action he brought on May 16, 2012, *Holt v. Parker*, Case Number 2:12-cv-424 ("424 Case"). (Compl. 3, ECF No. 1-2.) In the 424 Case, as in the instant action, Plaintiff sued Parker and the Opposing Counsel Defendants, all of who are citizens of Ohio. Plaintiff alleged that at some point in the 894 Case, Parker began working with the Opposing Counsel Defendants to sabatoge his case. He further alleged that Parker refused to give Plaintiff his legal files until the Supreme Court of

---

[1] The Court takes judicial notice, pursuant to Rule 201(c) of the Federal Rules of Evidence, of the proceedings in the 894 Case. This Court's proceedings, which are a matter of public record, satisfy Rule 201(b)'s criteria for the Court to take judicial notice. Fed. R. Evid. 201.

2

Ohio's Disciplinary Counsel intervened in March 2012. He alleged that upon review of the files, he discovered that Defendants lied to the Court. Plaintiff advanced federal due process and perjury claims, as well as state-law breach of contract and malpractice claims. The Court concluded that Plaintiff had failed to state any federal cause of action and declined to exercise jurisdiction over Plaintiff's state-law claims. (Aug. 15, 2012 Opinion & Order 5, ECF No. 7.) The Court dismissed the action without prejudice.

In this action, Plaintiff again asserts state-law claims against Parker, arising from his representation of Plaintiff in the 894 Case. He alleges that the Opposing Counsel Defendants were complicit in Parker's tortious behavior. He again asserts that he was unable to obtain his legal files from Parker until the Supreme Court of Ohio's Disciplinary Counsel intervened in March 2012. He additionally avers that the Opposing Counsel Defendants have refused to provide him with their legal files. He maintains that Defendants have, therefore, violated his federal due process rights under the Fourteenth Amendment of the United States Constitution. In terms of relief, Plaintiff seeks monetary compensation, restoration of his retirement benefits, and temporary suspension of Defendants' licenses to practice law.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to

---

[2]Formerly 28 U.S.C. § 1915(d).

relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### III.

The undersigned once again recommends dismissal of Plaintiff's refiled due process claim involving the legal files Defendants maintained in the 894 Case. Insofar as Plaintiff attempts to assert a violation of the Due Process Clause of the Fourteenth Amendment against Parker, his claim fails because the Due Process Clause applies only to state actors, which Parker, a private attorney, is not. *See United States v. Morrison*, 529 U.S. 598, 621 (2000) (recognizing the "time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action"). Insofar as he seeks to assert a due process claim against the Opposing Counsel Defendants, whom are state actors, his claim likewise fails because Plaintiff has no constitutionally-protected property interest in the legal files of his opposing counsel in a civil action. Moreover, even if the Court were to assume such an interest, Plaintiff has failed to state a claim upon which relief can be granted because he has not alleged the inadequacy of the tort remedies available to him under Ohio law to adjudicate his claim. *See, e.g., Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (noting that a plaintiff must plead and prove that the state remedies for redressing the wrong are inadequate); *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th

5

Cir. 1999) (citing *Hudson v. Palmer*, 468 U.S. 517, 534–36 (1984)) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."); *Ruiz v. Fisher,* No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate"). Accordingly, the undersigned recommends dismissal of Plaintiff's due process claim pursuant to § 1915(e)(2)(B)(ii).

Because the undersigned recommends dismissal of Plaintiff's sole federal claim, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. Dismissal of Plaintiff's federal claim would not divest this Court of subject-matter jurisdiction. Instead, when a federal court dismisses "all claims over which it has original jurisdiction," it must then exercise its discretion to determine whether to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations marks and citation omitted). Accordingly, it is recommended that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

### IV.

In sum, it is **RECOMMENDED** that the Court **DISMISS WITH PREJUDICE** Plaintiff's sole federal cause of action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **DECLINE** to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, **DISMISSING** these claims **WITHOUT PREJUDICE**.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: November 6, 2012         /s/ *Elizabeth A. Preston Deavers*
                               Elizabeth A. Preston Deavers
                               United States Magistrate Judge