UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES E. HOLT,

    Plaintiff,

v.

    Civil Action 2:12–cv–992
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

DARRYL O. PARKER, et al.,

    Defendants.

## ORDER

Plaintiff, James E. Holt, who is proceeding without the assistance of counsel, brings this action against Darryl Parker, his former counsel who represented him in an a discrimination action, *Holt v. State of Ohio*, No. 2:05-cv-894 (S.D. Ohio) (the "894 Case"). He asserts a number of state-law claims, including malpractice, fraud, and promissory estoppel claims. He also names the attorneys for the defendants in the 894 Case, Julie Pfeiffer, Drew Piersall, Susan Sullivan, Stephanie Pestello-Sharf, and Paula Luna Paolette, alleging that these attorneys were complicit in the torts he alleges Parker committed. Plaintiff further alleges that Defendants violated his due process rights. This matter is before the Court for consideration of the November 6, 2012 Report and Recommendation of the United States Magistrate Judge, ECF No. 4, and Plaintiff's Objections to the Report and Recommendation, ECF No. 6.

I.

The Magistrate Judge recommended dismissal of Plaintiff's due process claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), reasoning as follows:

> The undersigned once again recommends dismissal of Plaintiff's refiled due process claim involving the legal files Defendants maintained in the 894 Case. Insofar as Plaintiff attempts to assert a violation of the Due Process Clause of the Fourteenth Amendment against Parker, his claim fails because the Due Process Clause applies only to state actors, which Parker, a private attorney, is not. *See United States v. Morrison*, 529 U.S. 598, 621 (2000) (recognizing the "time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action"). Insofar as he seeks to assert a due process claim against the Opposing Counsel Defendants, whom are state actors, his claim likewise fails because Plaintiff has no constitutionally-protected property interest in the legal files of his opposing counsel in a civil action. Moreover, even if the Court were to assume such an interest, Plaintiff has failed to state a claim upon which relief can be granted because he has not alleged the inadequacy of the tort remedies available to him under Ohio law to adjudicate his claim. *See, e.g., Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (noting that a plaintiff must plead and prove that the state remedies for redressing the wrong are inadequate); *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson v. Palmer*, 468 U.S. 517, 534–36 (1984)) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."); *Ruiz v. Fisher*, No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate"). Accordingly, the undersigned recommends dismissal of Plaintiff's due process claim pursuant to § 1915(e)(2)(B)(ii).

Report & Rec. 5–6, ECF No. 4. The Magistrate Judge further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Plaintiff filed a timely objection to the Report and Recommendation under Federal Rule of Civil Procedure 72(b). Plaintiff objects to the Magistrate Judge's recommendation that the Court decline to retain supplemental jurisdiction over his state-law claims. In support of this objection, Plaintiff appears to argue that Defendants should be permitted to respond to his claims. Plaintiff also asserts that the Magistrate Judge failed to address all of his federal claims. Specifically, he submits that the Magistrate Judge did not address the claim he brought under the Family Medical Leave Act ("FMLA").

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.

The Court has reviewed the Report and Recommendation and Plaintiff's Objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) and finds the decision and analysis of the Magistrate Judge to be correct. The Magistrate Judge properly analyzed Plaintiff's purported due process claims. Contrary to Plaintiff's assertions, he has not, *in this action*, asserted a claim arising under the

FMLA. Rather, this lawsuit arises out of the alleged actions of his former counsel and opposing counsel in the 894 Case. It appears that Plaintiff may be confusing the claims he asserts in this action with those he asserted in the 894 Case.[1] The Magistrate Judge correctly considered only the claims Plaintiff raised in the instant action.

### IV.

The Court, therefore, **ADOPTS** the November 6, 2012 Report and Recommendation, ECF No. 4, **OVERRULES** Plaintiff's Objections, ECF No. 6, **DISMISSES** Plaintiff's sole federal cause of action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, **DISMISSING** these claims **WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly and to send a copy of this Order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**IT IS SO ORDERED.**

*[signature]*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Plaintiff asserted a claim arising under the FMLA in the 894 Case.